IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 8 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00262-BNB

JOHN NASIOUS,
    Plaintiff,

v.

ARAPAHOE COUNTY DETENTION FACILITY,
SHERIFF J. GRAYSON ROBINSON, in his individual and official capacity,
ARAMARK CORRECTIONAL SERVICES,
EDDIE CILMORE, in his individual and personal capacity,
ARAMARK CORP., JOSEPH NEUBAUER, CEO, Philadelphia, PA, in his individual and
    personal capacity,
COLORADO DEPARTMENT OF CORRECTIONS – OFFICE OF CORRECTIONAL
    LEGAL SERVICES – LEGAL ACCESS PROGRAM (Cañon City Complex),
JULIE RUSSELL AND COMPLETE STAFF, in their individual and official capacity,
    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Nasious, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Nasious has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Nasious is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nasious will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Nasious and finds that it is deficient because it is not clear who Mr. Nasious intends to sue in this action. Mr.

Nasious lists what appear to be seven Defendants in the caption of the complaint as reflected in the caption of this order. However, he lists only six Defendants in Section A of the complaint, the section that describes the parties to the action, and one of those six Defendants is not listed in the caption of the complaint. Mr. Nasious also asserts claims against various entities and individuals in the text of the complaint even though those entities and individuals are not listed as Defendants either in the caption of the complaint or in Section A of the complaint.

Therefore, Mr. Nasious will be ordered to file an amended complaint. Mr. Nasious is advised that, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." Finally, Mr. Nasious is reminded that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, he should name as Defendants the persons he believes actually violated his constitutional rights.

Mr. Nasious also is reminded that he must allege specific facts to demonstrate how each named Defendants personally participated in the asserted constitutional violation. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Nasious must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Nasious is reminded that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Nasious also must present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Nasious file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Nasious, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nasious fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice. It is

3

FURTHER ORDERED that the "Motion for Praecepi" filed by Mr. Nasious on February 26, 2008, is denied.

DATED February 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00262-BNB

John Nasious
Prisoner No. 98775
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/28/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk