IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00262-BNB

JOHN NASIOUS,

    Plaintiff,

v.

SHERIFF J. GRAYSON ROBINSON, Arapahoe County Detention Facility,
EDDIE CILMORE, Aramark Correctional Services, and
JOSEPH NEUBAUER, Aramark Corp.,

    Defendants.

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff John Nasious is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Nasious initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights have been violated. On February 28, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Nasious to file an amended complaint that clarifies who he is suing and that includes specific facts to demonstrate how each named Defendant personally participated in the alleged constitutional violations. On April 1, 2008, Mr. Nasious filed an amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Nasious is a prisoner and he is seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally

frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Nasious is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. See *id.*

Mr. Nasious claims that his rights were violated while he was incarcerated at the Arapahoe County Detention Facility (ACDF). He specifically claims that he was denied a kosher diet in violation of his First Amendment rights. He also claims that the failure to provide him with a nutritionally adequate kosher diet violated his Eighth Amendment rights. Mr. Nasious asserts these claims against Defendants Sheriff J. Grayson Robinson and Eddie Cilmore, the Aramark Correctional Services kitchen manager at the ACDF. Mr. Nasious also has named Joseph Neubauer as a Defendant in this action. Defendant Neubauer allegedly is the chief executive officer of Aramark Corporation in Philadelphia, Pennsylvania. Mr. Nasious claims that Defendant

Neubauer failed to respond to a certified letter advising him of the inadequacies of the kosher meals being provided to Mr. Nasious at the ACDF.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Nasious must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Court finds that Mr. Nasious fails to demonstrate that Defendant Neubauer personally participated in the asserted violation of his rights. Therefore, Defendant Neubauer will be dismissed as a party to this action for lack of personal participation. The Court will not address at this time the merits of Mr. Nasious' claims against Defendants Robinson and Cilmore. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendant Joseph Neubauer are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendant Joseph Neubauer is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15 day of April, 2008.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00262-BNB

John Nasious
Prisoner No. 98775
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4-16-08

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                             Deputy Clerk