IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-00262-CMA-KMT

JOHN NASIOUS,

    Plaintiff,

v.

SHERIFF T. GRAYSON ROBINSON - Arapahoe County Detention Facility, in his official and individual capacity, and
EDDIE CLIMER - Aramark Correctional Services, in his official and individual capacity,

    Defendants.

## ORDER

This matter is before the Court on Defendant Eddie Climer's Motion to Dismiss (Doc. # 55) filed April 4, 2009, Defendant Sheriff T. Grayson Robinson's Motion for Summary Judgment (Doc. # 75) filed September 10, 2009, Plaintiff's Motion to Correct Clerical Error and Facts on Magistrate Judge's Recomendation [sic] [on Defendant Climer's Motion to Dismiss] (Doc. # 92) filed on December 28, 2009, and Defendant Eddie Climer's Motion for Judgment on the Pleadings (Doc. # 95) filed February 18, 2010. This case was referred to United States Magistrate Judge Kathleen M. Tafoya on April 30, 2008. (Doc. # 15.) Magistrate Judge Tafoya issued a Recommendation on Defendant Climer's Motion to Dismiss (Doc. # 88) and on Defendant Robinson's Motion for Summary Judgment (Doc. # 94). The Recommendations are incorporated herein by

reference. *See* 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b). Magistrate Judge Tafoya recommends denying Defendant Climer's Motion to Dismiss (Doc. # 88 at 8) and granting Defendant Robinson's Motion for Summary Judgment (Doc. # 94 at 19). For the reasons stated below, the Court GRANTS Defendant Robinson's Motion for Summary Judgment and Defendant Climer's Motion for Judgment on the Pleadings, and DENIES AS MOOT Defendant Climer's Motion to Dismiss and his Motion to Correct Clerical Error.

## I. BACKGROUND

The following facts are taken from Plaintiff's Amended Prisoner Complaint (Doc. # 11), filed on April 1, 2008,[1] and the parties' submissions with respect to Magistrate Judge Tafoya's Recommendations.

Plaintiff subscribes to the Jewish faith, according to which he is required to maintain a Kosher diet. At the time relevant to this litigation, Plaintiff was incarcerated at the Arapahoe County Detention Facility ("ACDF"). Plaintiff was incarcerated at ACDF on two separate occasions. First, from November 30, 2005 to March 13, 2006, and subsequently, from June 17, 2006 to September 28, 2006. During this time, according to Plaintiff, Defendant Sheriff T. Grayson Robinson ("Defendant Robinson") served as Sheriff and was "legally responsible for the operation of the [ACDF] and the welfare of the inmates within the institution." Defendant Eddie Climer ("Defendant Climer") was

---

[1] Plaintiff filed his original Complaint on February 7, 2008. (Doc. # 2.)

employed by Aramark Correctional Services ("Aramark") to provide food services at ACDF.

In Claims One and Two, Plaintiff alleges Defendants "fail[ed] to prepare a kosher diet" for him. Plaintiff alleges that throughout his two terms of incarceration at ACDF, "Defendants . . . forc[ed] the plaintiff to eat Muslim Halal meals," and meals prepared using non-Kosher kitchen utensils, in violation of Jewish dietary laws. Also in Claims One and Two, Plaintiff alleges ACDF and Aramark "continually denied [Plaintiff] and the other Jewish inmates disposable [eating] untensils [sic]," in violation of Jewish dietary laws. Plaintiff alleges he submitted grievances detailing these complaints regarding non-Kosher meals and eating utensils to Defendant Robinson but that none were answered and no action was taken to address his issues. Plaintiff alleges Defendants "failed to follow the dietary laws of Kashruth of the Jewish Religion and refused to correct the patterns of the malfaesence [sic]," in violation of his First Amendment right to free exercise of religion, and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

In Claim Three, Plaintiff alleges the Kosher meals served at ACDF throughout his incarceration "failed to meet . . . the recommended dietary allowances of the National Academy of Sciences," and "were almost always served [with] spoiled rotten fruit, vegetables, and food exposed to cross-contamination." Plaintiff alleges he and other Jewish inmates "were unable[,] due to their confinement[,] [to] seek an alternative source

3

of nutrition." Plaintiff alleges Defendants "failed to properly prepare and serve a nutritionally Kosher diet to [Plaintiff] and other Jewish inmates," in violation of his Eighth and Fourteenth Amendment rights. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

On April 4, 2009, Defendant Climer filed a Motion to Dismiss. (Doc. # 55.) In his Motion to Dismiss, Defendant Climer argued that Plaintiff's claims fail as a matter of law because Defendant Climer is not a state actor for purposes of 42 U.S.C. § 1983. (*Id.* at 1.) Defendant, however, failed to specify under which Federal Rule he sought dismissal.[2]

On September 10, 2009, Defendant Robinson filed a Motion for Summary Judgment. (Doc. # 75.) In his Motion for Summary Judgment, Defendant Robinson argued that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law because: (1) Plaintiff has failed to allege Defendant Robinson's personal participation; (2) Plaintiff's claims are barred by the statute of limitations; and (3) all the relief requested (declatory and injunctive, compensatory, and punitive) by Plaintiff is unavailable.

On December 9, 2009, Magistrate Judge Tafoya issued a Recommendation on Defendant Climer's Motion to Dismiss. Although Defendant Climer did not specify under

---

[2]According to D.C.Colo.LCivR 7.1(C), "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion."

which Federal Rule he sought dismissal, Magistrate Judge Tafoya interpreted Defendant Climer's arguments as jurisdictional and, therefore, she reviewed the Motion under the standards set forth in FED. R. CIV. P. 12(b)(1).[3] (Doc. # 88 at 2.) Magistrate Judge Tafoya found that Defendant Climer's conduct was "fairly attributable to the State," and therefore, Defendant Climer was a state actor for purposes of Section 1983. (Doc. # 88 at 8.) Magistrate Judge Tafoya, therefore, recommended denying Defendant Climer's Motion to Dismiss. (*Id.*)

On February 17, 2010, Magistrate Judge Tafoya issued a Recommendation on Defendant Robinson's Motion for Summary Judgment (the "Summary Judgment Recommendation"). In pertinent part, Magistrate Judge Tafoya, in her Recommendation, found the following:

> (1) Plaintiff's RLUIPA claims for compensatory damages and against Defendant Robinson in his individual capacity are not authorized under the RLUIPA. (Doc. # 94 at 6.)
>
> (2) Plaintiff cannot maintain an action for declatory or injunctive relief pursuant to the RLUIPA because he is no longer within the control of the ACDF. (*Id.* at 7.)
>
> (3) Any claims based on events occurring prior to February 2, 2006 are barred by the statute of limitations. (*Id.* at 8.)
>
> (4) Plaintiff's First and Eighth Amendment claims against Defendant

---

[3]FED. R. CIV. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." In order to have subject matter jurisdiction on a Section 1983 claim, the plaintiff's conduct must occur "under color of law." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).

Robinson in his individual capacity fail as a matter of law because Plaintiff failed to show any personal participation in any alleged misconduct by Defendant Robinson. (*Id.* at 10.)

(5) Defendant Robinson is entitled to qualified immunity in his individual capacity against the First and Eighth Amendment claims. (*Id.*)

(6) Plaintiff's First and Eighth Amendment claims against Defendant Robinson in his official capacity are precluded because of his failure to demonstrate a municipal policy or custom that violated his rights under the First or Eighth Amendments. (*Id.* at 13.)

(7) Plaintiff's Eighth Amendment claims against Defendant Robinson in both his individual and official capacity fail as a matter of law because Plaintiff did not suffer a sufficiently serious deprivation of food. (*Id.* at 15.)

(8) Finally, Plaintiff's First Amendment claim against Defendant Robinson in both his individual and official capacity fails as a matter of law because ACDF's eating utensil policy did not impose a substantial burden on Plaintiff's free exercise of religion. (*Id.* at 19.)

Based on the foregoing, Magistrate Judge Tafoya recommended granting Defendant Robinson's Motion for Summary Judgment and dismissing all Plaintiff's claims against him. (Doc. # 94 at 19.)

On February 18, 2010, Defendant Climer filed a Motion for Judgment on the Pleadings.[4] (Doc. # 95.) In this Motion, Defendant Climer argued that based on the "reasoning articulated in the [Summary Judgment Recommendation], Plaintiff has failed

---

[4] FED. R. CIV. P. 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The Court is aware that Plaintiff could have raised these arguments in his Motion to Dismiss (Doc. # 55), but the Court will make a one-time exception, especially given that Plaintiff has not objected to the instant 12(c) Motion.

to state a claim against him as a matter of law." (*Id.* at 2.) Plaintiff has failed to respond to this Motion.

### III. ANALYSIS

A. *Defendant Robinson's Motion for Summary Judgment*

Magistrate Judge Tafoya issued her Recommendation on Defendant Robinson's Motion for Summary Judgment on February 17, 2010. (Doc. # 94.) In her Recommendation, she advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (*Id.* at 20.) Despite this advisement, no objections to Magistrate Judge Tafoya's Recommendation were filed by either party.

> "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

Based on the foregoing, the Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are sound and that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72.

Accordingly, the Summary Judgment Recommendation of Magistrate Judge Tafoya (Doc. # 94) is AFFIRMED and ADOPTED. Therefore, Defendant Robinson's Motion for Summary Judgment (Doc. # 75) is GRANTED, and Plaintiff's claims against

Defendant Robinson are DISMISSED WITH PREJUDICE.

**B.    *Defendant Climer's Motion for Judgment on the Pleadings***

Defendant Climer filed his Motion for Judgment on the Pleadings on February 18, 2010. (Doc. # 95.) Plaintiff has not responded. Although dismissal may be contemplated by FED. R. CIV. P. 41(b) for failure to respond, Defendant Climer has not moved for this result. Further, while some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Compare* D.C.COLO.LCivR 7.1(C) *with* D.N.M.LR-Civ. 7.5(b). In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond to the motion without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003).

In the instant case, Plaintiff alleges that Defendant Climer's actions violated his rights under the RLUIPA, the First Amendment, and the Eighth Amendment. For the following reasons, Plaintiff has failed to state a claim upon which relief can be granted.[5] First, Plaintiff's RLUIPA claims for compensatory damages and against Defendant Climer in his individual capacity are not authorized under the RLUIPA. *See Boles v. Neet*, 402

---

[5] A motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). *See, e.g., Callery v. U.S. Life Ins. Co. in the City of N.Y.*, 392 F.3d 401, 404 (10th Cir. 2004).

F. Supp. 2d 1237, 1240-41 (D. Colo. 2005) (stating that the RLUIPA does not authorize suits against individual defendants nor permit claims for damages). Second, Plaintiff cannot maintain an action for declatory or injunctive relief pursuant to the RLUIPA because he is no longer within the control of the ACDF. *See, e.g., Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) (stating that "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot, *i.e.* where the controversy is no longer live and ongoing.") Third, any claims based on events occurring prior to February 2, 2006, are barred by the statute of limitations. *See Nicholas v. Boyd*, 317 F. App'x 773, 777 (10th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (stating that "the applicable statute of limitations in Section 1983 actions is generally the residual statute of limitation for personal injury actions in the forum state); *Id.* (citing Colo. Rev. Stat. § 13-80-102 and *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993)) ("In Colorado, the applicable statute of limitations is two years."). Fourth, Plaintiff's Eighth Amendment claims against Defendant Climer in both his individual and official capacity fail as a matter of law because Plaintiff did not sufficiently allege that he suffered a "serious deprivation" of food. *See Strope v. Sebelius*, 189 F. App'x 763, 766 (10th Cir. 2006) (stating that a prisoner must allege "both (1) a sufficiently serious deprivation of the minimal civilized measure of life's necessities and (2) deliberate indifference by prison officials to a substantial risk of

9

serious harm to an inmate.") (citations and quotations omitted). While Plaintiff alleges he lost seventy pounds (Doc. # 75, Ex. A-9 at 7), the irrefutable medical documentation shows that Plaintiff actually experienced a net weight-gain during his incarcerations at ACDF. (Doc. # 75, Ex. A-6.)

Finally, Plaintiff's First Amendment claim against Defendant Climer in both his individual and official capacity fails as a matter of law because Plaintiff failed to establish that ACDF's eating utensil policy - one personal spoon per inmate, which can be exchanged for a new spoon upon request - imposed a substantial burden on his free exercise of religion. *See Lying v. Nw. Indian Cemetary Protective Ass'n*, 485 U.S. 439, 450-51 (1988) (stating that a "substantial burden" does not include "incidental effects of government programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious belief.") Moreover, according to Christopher Manos, an ACDF administrative lieutenant who was responsible for administering the food service contract with Aramark, "Plaintiff never requested, or was denied, a new or replacement spoon . . . [and] I never received a grievance from Plaintiff regarding a deputy's failure to give [Plaintiff] a new spoon." (Doc. # 75, Ex. A-3; *see also* Doc. # 75, Ex. A-11 (affidavit of Joan Marner, a records custodian at ACDF)).

Accordingly, Defendant Climer's Motion for Judgment on the Pleadings (Doc. # 95) is GRANTED, and Plaintiff's claims against Defendant Climer are DISMISSED WITH

PREJUDICE.

*C.     Defendant Climer's Motion to Dismiss*

Defendant Climer filed a Motion to Dismiss on April 4, 2009. (Doc. # 55.) On December 9, 2009, Magistrate Judge Tafoya issued her Recommendation on Defendant Climer's Motion. (Doc. # 88.) In her Recommendation, Magistrate Judge Tafoya recommended denying Defendant Climer's Motion to Dismiss. (*Id.* at 8.) On December 28, 2009, Plaintiff filed a "Motion to Correct Clerical Error and Facts on Magistrate Judge's Recomendation [sic]" pertaining to Magistrate Judge Tafoya's Recommendation on Defendant Climer's Motion to Dismiss. (Doc. # 92.) Regardless, because of the Court's ruling on Defendant Climer's Motion for Judgment on the Pleadings (Doc. # 95), Defendant Climer's Motion to Dismiss, Magistrate Judge Tafoya's Recommendation on this Motion, and Plaintiff's Motion to correct a clerical error in the Recommendation are now moot.

## IV.  CONCLUSION

For the foregoing reasons,

1. Magistrate Judge Kathleen M. Tafoya's Summary Judgment Recommendation (Doc. # 94) is AFFIRMED and ADOPTED as to Defendant Robinson's Motion for Summary Judgment (Doc. # 75). Defendant Robinson's Motion for Summary Judgment (Doc. # 75) is GRANTED, and Plaintiff's claims against Defendant Robinson are DISMISSED WITH PREJUDICE.

2. Defendant Climer's Motion for Judgment on the Pleadings (Doc. # 95) is GRANTED, and Plaintiff's claims against Defendant Climer are DISMISSED WITH PREJUDICE.

3. As a result of the ruling in paragraph 2 above, Defendant Climer's Motion to Dismiss (Doc. # 55) is rendered moot and the Court need not rule on Magistrate Judge Tafoya's Recommendation as it relates to the Motion to Dismiss. In addition, Plaintiff's Motion to Correct Clerical Error and Facts on Magistrate Judge's Recomendation [sic] (Doc. # 92) is also rendered moot. Both Doc. #55 and Doc. #92 are DENIED AS MOOT.

Accordingly, this case is DISMISSED WITH PREJUDICE.

DATED: March 29, 2010.

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge